## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

CHRISTOPHER WILLIAM
CHAMBERLIN AND SELENE
ELUNAREY DRACULEA,

        Plaintiffs,

     vs.

PATHLIGHT PROPERTY
MANAGMENET, AND HOME
PARTNERS HOLDINGS LLC,

        Defendants.

Case No.:  0:22-cv-02523 (KMM-LIB)

**JOINT AND SEPARATE ANSWER
OF DEFENDANTS TO PLAINTIFFS'
AMENDED COMPLAINT**

Defendants Pathlight Property Management [incorrectly captioned as "Pathlight Property Managmenet"] and Home Partners Holdings LLC, ("Defendants"), as and for their Answer to the Amended Complaint of Plaintiffs Christopher William Chamberlin and Selene Elunarey Draculea, state as follows:

1.    Defendants deny the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2.    As to paragraph 2 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Pathlight Property Management managed two properties rented by Defendant, but deny that Plaintiffs ever contracted with or rented homes from Defendant Home Partners Holdings LLC.

1

3.      Defendants deny the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

4.      As to paragraph 4 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff relocated, but deny the remaining allegations of this paragraph of Plaintiffs' Amended Complaint.

5.      Defendants deny the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      Defendants admit, to the best of their knowledge and information, the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

7.      Defendants deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      Defendants deny the allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9.      Defendants deny the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10.     Defendants deny the allegations in Paragraph 10 of Plaintiffs' Amended Complaint.

11.     Defendants admit, to the best of their knowledge and information, the allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12.     Defendants deny the allegations in Paragraph 12 of Plaintiffs' Amended Complaint.

13.     Defendants admit the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.     Defendants admit the allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15.     Defendants deny the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16.     Defendants deny the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17.     To the extent that Plaintiffs' Amended Complaint purports to assert claims against Defendants under the Fair Housing Act, 42 U.S.C. Chapter 45 *et seq.*, Defendants admit that this Court would have jurisdiction over those claims pursuant to 28 U.S.C. §1331, and could possibly have jurisdiction over the remainder of Plaintiff's claims pursuant to 28 U.S.C. §1367.

18.     Defendants deny the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19.     As to Paragraph 19 of Plaintiffs Complaint, Defendants admit that Pathlight Property Management manages several rental properties within the state of Minnesota.   Defendants deny the remainder of this paragraph of Plaintiffs' Amended Complaint

20.     Defendants admit the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22.     As to paragraph 22 of Plaintiffs' Amended Complaint, Defendants admit that Pathlight Property Management managed two properties rented by Defendants, but deny that Plaintiffs ever contracted with Defendant Home Partners Holdings LLC.   Defendants further admit, to the best of their knowledge and information, that Plaintiffs are a married couple.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     Defendants admit, to the best of their knowledge and information, the allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

26.     As to paragraph 26 of Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge and information to admit or deny the allegations therein, which allegations are therefor denied, and Defendants put Plaintiffs to their strictest burden of proof thereof.

27.     As to paragraph 27 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs received rental assistance under the Housing Choice Voucher program, that Metro HRA paid a portion of the rent owed by Plaintiffs for renting properties managed by Pathlight Property Management, and that Plaintiffs remained responsible for paying any remaining rental amounts. Defendants deny the remaining allegations of that paragraph of Plaintiffs' Amended Complaint.

28.     As to paragraph 28 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff applied to rent a property at 9650 Franlo Road, Eden Prairie, Minnesota 55437 ("Franlo Road"), and were approved pending an inspection.  Defendants deny the remaining allegations of that paragraph of Plaintiffs' Amended Complaint, and specifically deny that Plaintiffs ever contracted with Defendant Home Partners Holdings LLC.

29.     As to paragraph 29 of Plaintiffs' Amended Complaint, Defendants specifically deny that the lease agreement for Franlo Road included Defendant Home Partners Holdings LLC as a landlord or otherwise,  Defendants admit that this paragraph accurately quotes the Landlord Notice Address of the Franlo Road lease agreement.

30.     As to paragraph 30 of Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge and information to admit or deny the

allegations therein, which allegations are therefor denied, and Defendants put Plaintiffs to their strictest burden of proof thereof.

31.    Defendants deny the allegations in Paragraph 31 of Plaintiffs' Amended Complaint.

32.    Defendants deny the allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33.    As to Paragraph 33 of Plaintiffs' Amended Complaint, Defendants admit that Metro HRA inspected and approved the Franlo Road property, and that Plaintiffs signed a lease agreement for Franlo Road.  Defendants deny the remaining allegations of Paragraph 33 of Plaintiffs' Amended Complaint.

34.    Defendants admit the allegations in Paragraph 34 of Plaintiffs' Amended Complaint.

35.    Defendants deny the allegations in Paragraph 35 of Plaintiffs' Amended Complaint.

36.    Defendants deny the allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37.    As to Paragraph 37 of Plaintiffs' Amended Complaint, Defendants admit that late fees were incurred by Plaintiffs in the first two months of Plaintiffs' rental of the Franlo Road property due to late payment of rents owed, and specifically aver that those late fees subsequently were removed

from the Plaintiffs' rental account. Defendants deny the remaining allegations of Paragraph 37 of Plaintiffs' Amended Complaint.

38.    As to Paragraph 38 of Plaintiffs' Amended Complaint, Defendants admit that late fees were incurred by Plaintiffs in the first two months of Plaintiffs' rental of the Franlo Road property due to late payment of rents owed, and specifically aver that those late fees subsequently were removed from the Plaintiffs' rental account. Defendants deny the remaining allegations of Paragraph 37 of Plaintiffs' Amended Complaint.

39.    Defendants deny the allegations in Paragraph 39 of Plaintiffs' Amended Complaint.

40.    Defendants deny the allegations in Paragraph 40 of Plaintiffs' Amended Complaint.

41.    As to Paragraph 41 of Plaintiffs' Amended Complaint, Defendants admit that a pet fee was charged to Plaintiffs, and specifically aver that the pet fee subsequently was removed from the Plaintiffs' rental account. Defendants deny the remaining allegations of Paragraph 41.

42.    As to paragraph 42 of Plaintiffs' Amended Complaint, Defendants admit that another inspection was conducted, but deny the remaining allegations of Paragraph 42.

43.     As to paragraph 43 of Plaintiffs' Amended Complaint, Plaintiff admits that Franlo Road was reinspected, and that Metro HRA indicated that it would not make further rental payments until repairs were performed.

44.     As to paragraph 44 of Plaintiffs' Amended Complaint, Defendants admit the Franlo Road lease was terminated, that Plaintiffs signed a new lease for property at 10359 Canadians Landing, Eden Prairie, Minnesota 55347 ("Canadians Landing"), and that Metro HRA was to pay a portion of the rent owed by Plaintiffs .  Defendants deny the remaining allegations in this paragraph of Plaintiffs' Amended Complaint.

45.     As to paragraph 45 of Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge or information sufficient to admit or deny the allegations therein relating to Plaintiffs' reasons for choosing the Canadians Landing property, which allegations are therefore denied, and Defendant put Plaintiffs to their strictest burden of proof thereof.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiffs' Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiffs' Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiffs' Amended Complaint.

8

49.     As to paragraph 49 of Plaintiffs' Amended Complaint, Defendants admit that counsel sent Plaintiffs a demand letter relating to unpaid rents, fees, and other charges.   Defendants deny the remaining allegations in this paragraph of Plaintiffs;' Complaint.

50.     As to paragraph 50 of Plaintiffs' Amended Complaint, Defendants deny that the Plaintiffs' ledger balance was "at no point corrected."  Defendants admit the remaining allegations in Paragraph 50 of Plaintiffs' Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiffs' Amended Complaint.

52.     As to paragraph 52 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs' ledger was adjusted, but deny that the adjustment was made as a result of any legal action.   Defendants deny the remaining allegations in this paragraph of Plaintiffs;' Complaint.

53.     As to paragraph 53 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs created a new log-in for their new lease at Canadians Landing. Defendants deny the remaining allegations in this paragraph of Plaintiffs' Complaint.

54.     As to paragraph 54 of Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge or information sufficient to admit or deny the

allegations relating to what the Defendants "believe," but Defendants deny the allegations in Paragraph 54 of Plaintiffs' Amended Complaint.

55.     As to paragraph 55 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs have put in a maintenance request for the roof at Canadians Landing.  Defendants deny the remaining allegations of this paragraph of Plaintiffs' Amended Complaint.

56.     As to paragraph 56 of Plaintiffs' Amended Complaint, Defendants deny they informed Plaintiff that they had no responsibility to repair the washer and dryer.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph of Plaintiffs' Amended Complaint, which allegations are therefore denied, and Defendants put Plaintiffs to their strictest burden of proof thereof.

57.     Defendants deny the allegations in Paragraph 57 of Plaintiffs' Amended Complaint.

58.     As to paragraph 58 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs requested Defendants or others perform lawn maintenance services, which were responsibilities of the tenants (i.e., the Plaintiffs) under the leases for both Franlo Road and Canadians Landing, and that those requests were denied.  Defendants deny the remaining allegations in this paragraph of Plaintiffs' Complaint.

59.     As to paragraph 59 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs requested Defendants or others perform snow removal services, which were responsibilities of the tenants (i.e., the Plaintiffs) under the leases for both Franlo Road and Canadians Landing, and that those requests were denied.  Defendants deny the remaining allegations in this paragraph of Plaintiffs' Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiffs' Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     As to paragraph 62 of Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge or information sufficient to admit or deny the allegations relating to what the Defendants "believe," but Defendants deny the allegations in Paragraph 54 of Plaintiffs' Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Plaintiffs' Amended Complaint.

64.     Paragraph 64 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required.  To the extent any such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

65.    Paragraph 65 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  To the extent any such response is required, Defendants admit that the paragraph is a substantially accurate quotation of the language of 42 U.S.C. §3604(2).

66.    Paragraph 66 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  To the extent any such response is required, Defendants admit that the paragraph is a substantially accurate quotation of the language of 42 U.S.C. §3604(3)(B).

67.    As to paragraph 67 of Plaintiffs' Amended Complaint, Defendants are without sufficient knowledge or information sufficient to admit or deny the allegations relating to what might be contained in the Plaintiffs' "record of their handicaps," or what "records" Plaintiffs may have submitted to parties other than the Defendants, which allegations are therefore denied.  Defendants deny the remaining allegations in this paragraph of Plaintiffs' Amended Complaint.

68.    Defendants deny the allegations in Paragraph 68 of Plaintiffs' Amended Complaint.

69.    As to paragraph 69 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs requested Defendants or others remove snow and cut grass, which were responsibilities of the tenants (i.e., the Plaintiffs) under the

leases for both Franlo Road and Canadians Landing. Defendants deny the remaining allegations in this paragraph of Plaintiffs' Complaint.

70.   Defendants deny the allegations in Paragraph 70 of Plaintiffs' Amended Complaint.

71.   Defendants deny the allegations in Paragraph 71 of Plaintiffs' Amended Complaint.

72.   Defendants deny the allegations in Paragraph 72 of Plaintiffs' Amended Complaint.

73.   Defendants deny the allegations in Paragraph 73 of Plaintiffs' Amended Complaint.

74.   Defendants deny the allegations in Paragraph 74 of Plaintiffs' Amended Complaint.

75.   Paragraph 75 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required. To the extent any such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

76.   Paragraph 76 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required. To the extent any such response is required, Defendants admit that the paragraph is a substantially

accurate quotation of the language of 42 U.S.C. §3617 as it relates to any right granted or protected by 42 U.S.C. §§ 3603, 3604, 3605, or 3606.

77.    Defendants deny the allegations in Paragraph 77 of Plaintiffs' Amended Complaint.

78.    Defendants deny the allegations in Paragraph 78 of Plaintiffs' Amended Complaint.

79.    Defendants deny the allegations in Paragraph 79 of Plaintiffs' Amended Complaint.

80.    Defendants deny the allegations in Paragraph 80 of Plaintiffs' Amended Complaint.

81.    Defendants deny the allegations in Paragraph 81 of Plaintiffs' Amended Complaint.

82.    Defendants deny the allegations in Paragraph 82 of Plaintiffs' Amended Complaint.

83.    Paragraph 83 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required.  To the extent any such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

84.    Paragraph 84 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  To the extent any such

response is required, Defendants admit that the paragraph is a substantially accurate quotation of a portion of the language of Minn. Stat. §363A.09, subd. 1 and subd. 1(2).

85.     Paragraph 85 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  To the extent any such response is required, Defendants admit that the paragraph is a substantially accurate quotation of the definition of "discrimination" for purposes of Minn. Stat. §363A.09 which is contained in Minn. Stat. §363A.10 subd. 1(2).

86.     Defendants deny the allegations in Paragraph 86 of Plaintiffs' Amended Complaint.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     Defendants deny the allegations in Paragraph 88 of Plaintiffs' Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of Plaintiffs' Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 of Plaintiffs' Amended Complaint.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiffs' Amended Complaint.

92.     As to paragraph 92 of Plaintiffs' Amended Complaint, Defendants admit, upon knowledge and information, that Plaintiffs were the parents of one or more minor child who were domiciled with Plaintiffs while Plaintiffs resided at Franlo Road and Canadians Landing, and that this would meet the condition of "familial status" as defined by Minn. Stat. §363A.03, subd.18. Defendants are without sufficient knowledge or information sufficient to admit or deny the allegations relating to whether Plaintiff Draculea was pregnant while residing at either Franlo Road and Canadians Landing, which allegations are therefore denied.

93.     As to paragraph 93 of Plaintiffs' Amended Complaint, Defendants admit, upon knowledge and information, that Plaintiffs are the parents of one or more minor children.  Defendants are without sufficient knowledge or information sufficient to admit or deny the allegations relating to whether Plaintiff Draculea was pregnant while residing at Franlo Road, which allegations are therefore denied.

94.     Defendants deny the allegations in Paragraph 94 of Plaintiffs' Amended Complaint.

95.     Defendants deny the allegations in Paragraph 95 of Plaintiffs' Amended Complaint.

96.     Defendants deny the allegations in Paragraph 96 of Plaintiffs' Amended Complaint.

97.     Paragraph 97 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required.  To the extent any such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

98.     Paragraph 98 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  To the extent any such response is required, Defendants admit that the paragraph is a substantially accurate quotation of portions of Minn. Stat. §363A.15.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiffs' Amended Complaint.

100.    Defendants deny the allegations in Paragraph 99 of Plaintiffs' Amended Complaint.

101.    Defendants deny the allegations in Paragraph 101 of Plaintiffs' Amended Complaint.

102.    Defendants deny the allegations in Paragraph 102 of Plaintiffs' Amended Complaint.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiffs' Amended Complaint.

104.    Defendants deny the allegations in Paragraph 104 of Plaintiffs' Amended Complaint.

105.   Paragraph 105 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required.  To the extent any such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

106.   As to paragraph 106 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff signed leases for both the Franlo Road and Canadians landing properties, and that Plaintiffs and that the parties to those leases agreed to be bound by the terms and conditions of those lease agreements. Defendants deny any remaining allegations of this paragraph of Plaintiffs' Amended Complaint.

107.   Defendants deny the allegations in Paragraph 107 of Plaintiffs' Amended Complaint.

108.   Defendants deny the allegations in Paragraph 108 of Plaintiffs' Amended Complaint.

109.   Defendants deny the allegations in Paragraph 109 of Plaintiffs' Amended Complaint.

110.   Paragraph 110 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required.  To the extent any

such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

111.   Paragraph 111 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  To the extent any such response is required, Defendants admit that the paragraph is a substantially accurate quotation of portions of Minn. Stat. §504B.161, subd. 1(a).

112.   Paragraph 112 of Plaintiffs' Amended Complaint states a legal conclusion to which no further response is required.  However, Defendants state and answer that while the language quoted approximates the language of the cited statute, the correct language of §504B.161, subd. 1(b) is: " The parties to *a lease or license* of residential premises may not waive or modify the covenants imposed by this section." [Emphasis added]

113.   Defendants deny the allegations in Paragraph 113 of Plaintiffs' Amended Complaint.

114.   Defendants deny the allegations in Paragraph 114 of Plaintiffs' Amended Complaint.

115.   Paragraph 115 of Plaintiffs' Amended Complaint merely restates allegations in the preceding paragraphs of Plaintiffs' Amended Complaint, as to which no further response by Defendants is required.  To the extent any such response is required, Defendants deny the allegations in this paragraph of Plaintiffs' Amended Complaint.

116.   As to paragraph 116 of Plaintiffs' Amended Complaint, Defendants admit that the lease agreements executed by the Plaintiffs contained an implied contractual duty of good faith and fair dealing.  Defendants deny the remaining allegations of this paragraph of Plaintiffs' Amended Complaint.

117.   Defendants deny the allegations in Paragraph 117 of Plaintiffs' Amended Complaint.

118.   Defendants deny the allegations in Paragraph 118 of Plaintiffs' Amended Complaint.

119.   Defendants deny the allegations in Paragraph 119 of Plaintiffs' Amended Complaint.

120.   Defendants deny the allegations in Paragraph 120 of Plaintiffs' Amended Complaint.

121.   Defendants deny the allegations in Paragraph 121 of Plaintiffs' Amended Complaint.

122. Defendants deny each and every allegation not specifically admitted herein.

## **<u>AFFIRMATIVE DEFENSES</u>**

As and for Defendant's affirmative defenses, Defendant interposes the following:

1.    Plaintiffs' Amended Complaint fails to state a claim against the Defendants upon which relief may be granted.

2.    Plaintiffs' Amended Complaint fails to assert any claim against Defendant Home Partners Holdings LLC due to a lack of privity or other liability of that Defendant to Plaintiffs.

3.    Plaintiffs' Amended Complaint is barred by the doctrine of unclean hands.

4.    Plaintiffs' claims may be barred by lack of privity, lack of consideration, or the statute of frauds.

5.    Plaintiffs' claims may be barred by equitable principles, including the doctrines of estoppel, laches, and waiver.

6.    Plaintiffs' claims may be barred by equitable principles, including repudiation.

7.    Plaintiffs' claims are barred by Plaintiffs' own breaches of fiduciary and other duties owed to Defendants or others, or by breaches of fiduciary and other duties by others under the control of Plaintiffs.

8.    Defendant has no information upon which to form a belief as to the Plaintiffs' claims for damages and puts Plaintiffs to their strict proof thereof.

9.    Plaintiffs' claims may be barred by principles of collateral estoppel or res judicata.

10.     Plaintiffs' claims may be barred by contractual terms, or by Plaintiffs' election of remedies.

11.     Any breach of contract by the Defendants may have been caused or excused, in whole or in part, by Plaintiffs' own prior breaches of the contract(s).

12.     Plaintiffs' damages, if any, were caused by factors or persons outside the control of Defendants and from whom contribution and indemnity is owed.

13.     Plaintiffs' claims for damages are barred by Plaintiffs' own failure to mitigate such damages.

14.     Plaintiffs' request for a jury trial was waived in the lease agreements executed by Plaintiffs.

**WHEREFORE**, Defendants respectfully requests the following relief from the above named Court:

1.     An Order that Plaintiffs take nothing on their claims presented against Defendant in the Complaint;

2.     Dismissing Plaintiffs' Amended Complaint with prejudice and on the merits;

3.     Awarding Defendants their attorney's fees, costs, and disbursements as may be allowed by Minnesota law or by contract; and

4.     Granting Defendants such other and further relief as the Court deems just and equitable.

Dated: June 9, 2023                              **BURNS & HANSEN, P.A.**

                                                 */s/ Kirk A. Tisher*
                                                 Barton C. Gernander (026779X)
                                                 bgernander@burnshansen.com
                                                 Kirk A. Tisher (0397712)
                                                 ktisher@burnshansen.com
                                                 Minneapolis, MN 55426
                                                 Telephone: (612) 564-6262
                                                 Facsimile:  (612) 564-6263
                                                 *Attorneys for Defendants*